# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JONATHAN MOUDY (#565902)                          CIVIL ACTION

VERSUS

ELAYN HUNT CORRECTIONAL CENTER, ET AL.            NO. 14-0193-JJB-RLB

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on .July 6, 2015

　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN MOUDY (#565902)                                           CIVIL ACTION

VERSUS

ELAYN HUNT CORRECTIONAL CENTER, ET AL.       NO. 14-0193-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the cross-motions for summary judgment of the plaintiff and defendant Andrew Tillman (R. Docs. 25 and 27).

The *pro se* plaintiff, an inmate previously incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against EHCC and Sgt. Andrew Tillman, complaining that defendant Tillman violated the plaintiff's constitutional rights on April 11, 2013, through the use of excessive force on that date.[1]

---

1. An attempt by the United States Marshal's Office to serve the Elayn Hunt Correctional Center has proven unsuccessful, specifically because service of process was not accepted on behalf of this entity. *See* R. Doc. 15. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceeding. It is appropriate, therefore, that the plaintiff's claims asserted against EHCC be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon this defendant. In addition, the named defendant is not properly before the Court in any event. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as EHCC to be sued is determined by the law of the state in which the district court sits. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). In addition, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The Correctional Center is not a person within the meaning of this statute. *See, e.g., Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La., Aug. 1, 2007) (finding that a state prison, including specifically EHCC, is not a person within the meaning of § 1983). *See also Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, the plaintiff fails to state a claim upon which relief may be granted relative to EHCC, and this defendant is subject to dismissal from this proceeding as a matter of law.

The plaintiff moves for summary judgment relying upon the factual allegations contained in his unsworn pleadings, providing his version of the events complained of.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's Master Prison Record, Conduct Record and Inmate Location Sheet, a certified copy of a Warden's Unusual Report dated April 11, 2013 (prepared by defendant Tillman), a certified copy of a Disciplinary Report dated April 11, 2013 (prepared by defendant Tillman and charging the plaintiff with "Defiance" and "Agg[ravated] Disobedience"), a certified copy of Department Regulation C-02-006 (re: "Use of Force"), certified copies of excerpts from the plaintiff's medical records, and the affidavits of Sgt. Joyce Hill, Dr. Robert Cleveland and defendant Andrew Tillman.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges that on April 11, 2013, while he was being escorted in full restraints down an outside walkway at EHCC by Sgt. Joyce Hill (not named as a defendant herein), defendant Andrew Tillman approached the plaintiff in a "very aggressive manner" and assaulted the plaintiff without justification or provocation, "throwing him to the floor [and] kneeing and kicking [him]." According to the plaintiff, defendant Tillman thereafter accused the plaintiff of using profanity against Sgt. Hill. The plaintiff asserts, however, that when Sgt. Hill reported the assault to supervisory officials, she "explain[ed] that inmate Moudy did nothing to cause the attack." Finally, the plaintiff alleges that he sustained injuries to his face, arms and back as a result of the assault, and although he admittedly received treatment for his injuries, including x-rays and "minor medication for pain," he complains that the prison medical department has since provided him with "no treatment ... other than to tell him [to] take ibuprofen" in response to his continuing complaints of severe back pain.

Initially, the Court agrees with defendant Tillman that, whereas the plaintiff has named the defendant in both an individual and official capacity, the plaintiff's claim asserted against the defendant in the defendant's official capacity should be dismissed. Specifically, the courts have concluded that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against a state official acting in an official capacity because such official is not seen to be a "person" subject to suit within the context of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in an official capacity for monetary damages is treated as a claim asserted against the state and is therefore barred in federal court by virtue of the Eleventh Amendment to the United States Constitution. *Id.* at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendant in the defendant's official capacity is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendant in the defendant's individual capacity remains theoretically viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken by the official under color of state law, is not treated as a suit against the state. *Id.*

With regard to the plaintiff's claim asserted against defendant Tillman in the defendant's individual capacity, the defendant responds by contending that he is entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendant contends that the evidence will show that the defendant did not in fact violate the plaintiff's constitutional rights on the referenced date.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[2]

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be granted. Specifically, the Court finds that the plaintiff has not met his burden in

---

4. The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

opposing the defendant's motion and has not come forward with evidence sufficient to rebut the defendant's sworn assertions in connection with the plaintiff's claims.

First, with regard to the plaintiff's claim of excessive force, a use of force is excessive and violates the Eighth Amendment to the United States Constitution only if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malevolent action by a prison guard, however, gives rise to a federal cause of action, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). The fact that an inmate may have sustained only minimal injury does not end the inquiry, and an inmate who is subjected to gratuitous force by guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. The extent of injury may be relevant, however, to a determination whether an alleged use of force was excessive under the circumstances, and the factors that may be considered in determining whether an alleged use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

Applying the foregoing standard, the Court finds that the plaintiff has failed to overcome the defendant's assertion of qualified immunity. Although the plaintiff alleges, in an unsworn

and unsigned Complaint, that on April 11, 2013, defendant Tillman approached the plaintiff on an outside walk at EHCC and, without justification or provocation, while the plaintiff was in full restraints, threw the plaintiff to the ground and began kneeing and kicking the plaintiff, defendant Tillman has responded to this assertion by presenting sworn affidavits attesting that on the referenced date, only limited force was utilized against the plaintiff, and such force was warranted because the plaintiff was engaging in obstructive conduct.  Specifically, the defendant attests that on the morning of the referenced date, he overheard the plaintiff yelling and acting unruly on the EHCC walk, so he approached the plaintiff and ordered the plaintiff to cease the disruptive behavior.  In response, the plaintiff started to aggressively approach the defendant, whereupon the defendant placed his hand on the plaintiff's chest and ordered the plaintiff to stop approaching.  The plaintiff refused this request, so defendant Tillman "pulled [the plaintiff ] backwards so he was off balance and ... slowly put him on the ground."  The defendant asserts that the plaintiff began attempting to head-butt the defendant but then acquiesced and stopped resisting.  Defendant Tillman then helped the plaintiff to his feet and escorted the plaintiff into the nearby EHCC Diagnostic Center building.  The defendant attests that, upon entering the building, the plaintiff again "began resisting by pulling away ... and trying to head butt" the defendant.  Accordingly, the defendant again "placed the plaintiff on the ground by pulling backwards on his jumpsuit and bringing him to the ground."  The plaintiff was then seen by medical personnel at the Diagnostic Center and was released.  The defendant attests that whereas force was utilized on the referenced date, the force was only that "necessary to control the situation."  The defendant further attests that he issued the plaintiff a disciplinary report as a result of the foregoing events, charging the plaintiff with "Defiance" and "Aggravated

Disobedience," and that the plaintiff was later found guilty in connection with those charges and was sentenced to a loss of ten (10) weeks of telephone and canteen privileges.

In addition to the foregoing, Sgt. Joyce Hill attests in her affidavit that she was escorting the plaintiff together with six or eight other fully restrained co-inmates to the EHCC Diagnostic Center on the referenced date, when she ordered the plaintiff to "slow down and stop at the corner," whereupon defendant Tillman approached and ordered the plaintiff to stop and listen to Sgt. Hill's instruction. According to Sgt. Hill, the plaintiff "refused and started arguing with Sgt. Tillman." Sgt. Hill attests that defendant Tillman then escorted the plaintiff into the Diagnostic Center building, and she attests that she neither observed defendant Tillman utilize any force against the plaintiff on the referenced date nor reported the occurrence of an assault by defendant Tillman to supervising officials as alleged by the plaintiff.

Finally, Dr. Robert Cleveland attests, upon a review of the plaintiff's medical records, that the plaintiff was examined by a medical technician after the above-described incident, "at which time he complained of lower back pain secondary to being brought to the floor." In fact, the Court notes that the description of the incident provided by the plaintiff to EHCC medical providers after the incident was that he hurt his back while "being assisted to [the] floor" after the altercation. The physical examination revealed only "redness" to the plaintiff's upper torso and right upper shoulder, and he was observed in a prone position lifting both feet without difficulty or strain. The plaintiff was prescribed Naproxyn for pain and was given an x-ray which was interpreted as reflecting normal findings. Although the plaintiff requested further medical treatment that same evening, he voiced no complaints upon examination, and the report generated during that consultation reflects that the plaintiff told the medical provider at that time that he had not been injured when he was placed in administrative segregation on that date.

Finally, Dr. Cleveland attests that a review of the plaintiff's medical records reflects that, whereas the plaintiff continued to report complaints of back pain for months after the incident of April 11, 2013, he advised medical providers on April 24, 2013, two weeks after the incident, that his back pain had begun "months ago," *see* R. Doc. 22-3 at p. 16, and on April 25, 2013, he advised that the onset of his back pain had been a "couple of years" previously, *see id.* at p. 20.

In response to the foregoing, the plaintiff has presented neither documentary evidence nor his own sworn statement to contravene the facts stated in the defendant's motion, much less evidence sufficient to meet his burden of proof, to rebut the defendant's assertion of qualified immunity, and to show the existence of a genuine disputed fact regarding whether defendant Tillman in fact utilized unreasonable or constitutionally excessive force on the date in question. *See Gates v. Texas Department of Protective and Regulatory Services, supra*, 537 F.3d at 419 (recognizing that the plaintiff bears the burden of rebutting a defendant's assertion of qualified immunity on motion for summary judgment). Specifically, the plaintiff has offered nothing to refute the defendant's sworn assertions or the evidentiary showing which reflect that the plaintiff engaged in conduct on April 11, 2013, that justified some use of force on that date. Whereas the plaintiff asserted in his Complaint that defendant Tillman utilized force against him without provocation, the plaintiff's Complaint is unsworn and unsigned and, as a result, the factual allegations contained therein are not properly subject to consideration by the Court in connection with a motion for summary judgment. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in unsworn pleadings in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. In response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on conclusory assertions contained in unsworn pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and may grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Further, pursuant to Local Rule 56(b) of this Court, the plaintiff's failure to oppose the defendants' motion for summary judgment warrants a conclusion that all of the facts contained in the defendants' Statement of Uncontested Material Facts are deemed to be admitted.

In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any competent evidence to refute the affidavits and documentary evidence provided by the defendant in support of the motion for summary judgment. What has been brought to the Court's attention for consideration is competent evidence adduced by the defendant, supported by affidavits and documentation, which reflects that the use of force against the plaintiff on April 11, 2013, was not for the sole purpose of maliciously and sadistically causing the plaintiff harm but, instead, was for the purpose of restoring order and maintaining control in response to an inmate who was refusing to obey orders and was acting in an aggressive and threatening manner. Based upon the foregoing and upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to provide supporting evidence on his own behalf, the Court concludes that the

defendant's motion is well-taken and that, on the record before the Court, the defendant is entitled to summary judgment as a matter of law.

The same result follows in connection with the plaintiff's claim of deliberate medical indifference. Specifically, the plaintiff's medical records reflect that he was evaluated by EHCC medical personnel immediately after the incident, that he was provided with medication for his complaints of pain, and that x-rays were undertaken and were interpreted as normal. The medical records further reflect that the plaintiff's objective symptoms immediately after the incident were apparently minimal and that, whereas he has continued to complain of back pain since that date, he has apparently been seen and evaluated by medical personnel in response to his complaints.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: the plaintiff

must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing principles, it is clear that the plaintiff has failed to state a claim of deliberate medical indifference on the part of defendant Tillman. To the contrary, the plaintiff does not allege that defendant Tillman has had any involvement in the plaintiff's medical care other than on the date of the incident complained of, on which date the plaintiff admittedly received attention by trained medical personnel at EHCC. In the absence of any suggestion in the record that the named defendant, Andrew Tillman, has personally exhibited deliberate indifference to the plaintiff's serious medical needs at any time, it appears clear that the defendant is entitled to summary judgment as a matter of law in connection with this claim.

In addition to the foregoing, the Court notes that whereas the plaintiff has filed a cross-motion for summary judgment herein (R. Doc. 27), he has not filed any opposition in response to the defendant's motion and has not produced any evidence to support the unsworn allegations contained in his Complaint. Accordingly, it does not appear that the plaintiff's motion adds anything to the Court's evaluation of the evidentiary basis for his cause of action. If anything, the plaintiff's allegations in the motion for summary judgment diminish his veracity because he provides a description of the defendant's conduct that is different from the description contained in the original Complaint and is not corroborated by the medical records. Specifically, the

plaintiff asserts in the motion that defendant Tillman "slammed" the plaintiff into a brick wall, pushed the plaintiff's "face against the brick wall," and kicked the plaintiff "in the face with his steel toe boots." This conduct is not asserted in the original Complaint, and the plaintiff's medical records reflect no complaints made by him consistent with head pain or injury, and there were no noted objective signs of injury to his face or head. To the contrary, as noted above, the plaintiff exhibited only redness to his upper torso and shoulder after the incident, and he reported only to medical officers that he had back pain after "being assisted to [the] floor" by the defendant. Accordingly, the Court is unable to afford any weight to the unsworn assertions contained in the plaintiff's motion for summary judgment.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if the state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends that the plaintiff's federal claims asserted in this proceeding be dismissed, it is appropriate that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims and that the plaintiff's claim asserted against the Elayn Hunt Correctional Center be dismissed, without prejudice, for failure of the plaintiff to serve this defendant within 120 days as mandated by Fed. R. Civ. P. 4(m). It is further recommended that

the plaintiff's motion for summary judgment (R. Doc. 27) be denied and that the motion for summary judgment of defendant Andrew Tillman (R. Doc. 25) be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 6, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**